

Brian D. Siff
Richard LaCava
Peter Lambrianakos
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ARQUEST, INC.,

        Plaintiff,

    v.

KIMBERLY-CLARK WORLDWIDE, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civ. Action No.:

ECF Case

Jury Demanded

## COMPLAINT FOR DECLARATORY JUDGMENT OF
## NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY

Plaintiff, Arquest, Inc. ("Arquest"), by and through its attorneys, hereby states its

Complaint against Defendant, Kimberly-Clark Worldwide, Inc. ("K-C"), and its demand for trial

by jury, alleging as follows:

## NATURE OF ACTION

1.     This is a Declaratory Judgment Acton seeking, *inter alia*, a declaration of

noninfringement and invalidity as to U.S. Patent No. 5,287,543, entitled "Method and Apparatus

for Controlling the Cutting and Placement of Components on a Moving Substrate, and Article

Made Therewith" (the " '543 patent"); a declaration of noninfringement, invalidity, and

unenforceability as to U.S. Patent No. 5,496,298, entitled "Elastomeric Ears for Disposable

Absorbent Article" (the " '298 patent"); and a declaration of noninfringement and invalidity as to

U.S. Patent No. 6,307,119, entitled "Absorbent Articles Having Wetness Indicating Graphics

Incorporating a Training Zone" (the " '119 patent"). The '542 patent, the '298 patent and the '119 patents are herein referred to collectively as the "patents-in-suit."

**PARTIES**

2.      Arquest is a corporation organized and existing under the laws of the State of Arkansas with a business and mailing address at 101 Interchange Plaza, Cranbury, New Jersey, 08512.

3.      K-C is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware with a business and mailing address at 351 Phelps Drive, Irving, Texas, 75038.

**JURISDICTION AND VENUE**

4.      This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

**ACTUAL CONTROVERSY**

7.      Arquest manufactures and sells diapers and training pants in the United States.

8.      Upon information and belief, K-C is the assignee of the patents-in-suit.

9.      In or about July 2007, K-C notified Arquest that K-C believes that certain diapers and training pants manufactured by Arquest infringe the patents-in-suit. In particular, K-C alleged that A&P's Simply Kids training pants, H-E-B's Babies training pants, and Toys "R" Us's Especially for Baby diapers (the "accused diapers and training pants") infringe the '543 patent; Toys "R" Us's Especially for Baby diapers infringe the '298 patent; and A&P's Simply Kids training pants and H-E-B's Babies training pants infringe the '119 patent.

2

10.    To permit the parties to negotiate an amicable settlement of K-C's allegations of patent infringement without litigation, on or about July 31, 2007, Arquest and K-C executed a Stand-Still Agreement which prohibited K-C from instituting litigation against Arquest for any intellectual property matter for a period of fourteen (14) days after the effective date of the agreement, and prohibited Arquest from instituting litigation against K-C for any intellectual property matter for a period of seventeen (17) days after the effective date of the agreement.

11.    As negotiations between Arquest and K-C continued, the parties executed further Stand-Still Agreements as the previous agreements expired.

12.    A final extension of the Stand-Still Agreement was executed on November 16, 2007. This extension prohibited K-C from instituting litigation against Arquest for any intellectual property matter for a period of twenty-one (21) days after the effective date of the agreement, and prohibited Arquest from instituting litigation against K-C for any intellectual property matter for a period of twenty-four (24) days after the effective date of the agreement. With respect to Arquest, as of the date of this Complaint, the Stand-Still Agreement's prohibition against filing a litigation for any intellectual property matters has expired.

13.    As of the date of this Complaint, K-C continues to allege that the accused diapers and training pants infringe the patents-in-suit.

14.    Based on K-C's allegations of patent infringement, the parties' inability to reach an amicable settlement of those allegations, the expiration of the final Stand-Still Agreement, and K-C's general course of conduct, Arquest has a reasonable apprehension that K-C will file suit against Arquest. An actual and justiciable controversy exists between Arquest and K-C as to whether Arquest infringes any valid and enforceable claim of the patents-in-suit by manufacturing and selling the accused diapers and training pants.

DOCSNY-276887v01

## COUNT I

### (Declaratory Judgment of Noninfringement of the '543 Patent)

15.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-14 as if fully set forth herein.

16.    Arquest has not and is not now infringing the '543 patent, either literally or under the doctrine of equivalents.

17.    Arquest has not and is not now inducing or contributing to the infringement of the '543 patent, either literally or under the doctrine of equivalents.

## COUNT II

### (Declaratory Judgment of Noninfringement of the '298 Patent)

18.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

19.    Arquest has not and is not now infringing the '298 patent, either literally or under the doctrine of equivalents.

20.    Arquest has not and is not now inducing or contributing to the infringement of the '298 patent, either literally or under the doctrine of equivalents.

## COUNT III

### (Declaratory Judgment of Noninfringement of the '119 Patent)

21.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-20 as if fully set forth herein.

22.    Arquest has not and is not now infringing the '119 patent, either literally or under the doctrine of equivalents.

23.    Arquest has not and is not now inducing or contributing to the infringement of the '119 patent, either literally or under the doctrine of equivalents.

DOCSNY-276887v01

## COUNT IV

### (Declaratory Judgment of Invalidity of the '543 Patent)

24.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-23 as if fully set forth herein.

25.    Upon information and belief, the claims of the '543 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT V

### (Declaratory Judgment of Invalidity of the '298 Patent)

26.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-25 as if fully set forth herein.

27.    Upon information and belief, the claims of the '298 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '119 Patent)

28.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-27 as if fully set forth herein.

29.    Upon information and belief, the claims of the '119 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT VII

### (Declaratory Judgment of Unenforceability of the '298 Patent)

30.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-29 as if fully set forth herein.

31.    Upon information and belief, the claims of the '298 patent are unenforceable because the named inventors of the '298 patent, the assignee of the '298 patent, namely, K-C,

5

and/or persons having a duty of candor in connection with the prosecution of the '298 patent, intentionally withheld prior art from the United Stated Patent and Trademark Office (the "Patent Office") material to the patentability of the '298 patent.

32.    More specifically, upon information and belief, the inventors of the '298 patent, K-C, and/or other persons having a duty of candor in connection with the prosecution of the '298 patent were aware of U.S. Patent No. 5,019,073, entitled "Disposable Diaper with Improved Mechanical Fastening System" (the " '073 patent").

33.    Upon information and belief, K-C is the assignee and owner of the '073 patent because K-C is listed on the front cover of the '073 patent as the assignee and owner of the '073 patent.

34.    Upon information and belief, K-C, the inventors of the '298 patent, and/or other persons having a duty of candor in connection with the prosecution of the '298 patent were aware that the '073 patent was material to the patentability of the invention disclosed in the '298 patent because the '073 patent constitutes prior art under 35 U.S.C. § 102.

35.    Upon information and belief, K-C, the inventors of the '298 patent, and/or other persons having a duty of candor in connection with the prosecution of the '298 patent withheld the '073 patent from the Patent Office with the intent to mislead the Patent Office into issuing the '298 patent.

## COUNT VIII

### (Declaratory Judgment of Equitable Estoppel)

36.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-35 as if fully set forth herein.

DOCSNY-276887v01

37.     On May 26, 2006, Arquest received a letter from K-C accusing Arquest of false advertising and deceptive trade practices in connection with the packaging for Top Care training pants, a training pant manufactured by Arquest.

38.     In the May 26, 2006 letter, K-C asserted that all of the Top Care training pants depicted on the packaging had ideally-centered pictures of Clifford the Big Red Dog® ("Clifford") on the front of the training pants. Such ideally-centered graphics are referred to as "registered graphics."

39.     According to K-C, these product illustrations were misleading because all of the actual training pants contained in the package did not have registered graphics of Clifford. Rather, the position of the Clifford graphics varied from product to product.

40.     K-C also asserted that it owned the patent covering the production of diapers with registered graphics – the '543 patent.

41.     In September 2006, the parties settled the dispute. Arquest revised the package for the Top Care training pants. The revised package depicted images of training pants where the image of Clifford shown on the top front portion of the training pants was not uniformly centered on each product. Also, training pants depicted on the revised Top Care packaging were shown with a registered graphic design – similar to the registered graphic on the accused diapers and training pants – in the crotch portion of the training pants, below the revised Clifford designs.

42.     Upon information and belief, prior to settling the dispute, the Top Care training pants included registered graphics in the crotch portion similar to or the same as the graphics on the accused diapers and training pants.

43.     Although the Top Care training pants were depicted as having registered graphics, and, at the time the parties settled the dispute, the Top Care training pants sold in the revised

7

package may have had registered graphics in the crotch portion similar to or the same as the accused diapers and training pants, K-C approved the packaging and did not assert infringement of any of Arquest's products under the '543 patent.

44.    Arquest reasonably believed that the parties had settled all issues with respect to the Top Care packaging, and that K-C did not have any further issues with respect to the '543 patent for any of Arquest's products.  Further, Arquest relied on KC's approval of the Top Care package design, and the fact that KC did not raise further issues regarding the '543 patent with Arquest and any of its products.

45.    After September 21, 2006, Arquest continued to manufacture and sell diapers and training pants having registered graphics in the crotch portion under the reasonable belief that K-C would not allege that Arquest's manufacture and sale of such diapers and training pants with registered graphics in the crotch portion infringed any claim of the '543 patent.

46.    Nevertheless, more than one year after K-C first raised the '543 patent with Arquest, K-C is now asserting that the registered graphics in the crotch portion of the accused diapers and training pants, which are similar to the registered graphics shown on the Top Care packaging previously approved by K-C, and similar to the registered graphics that may have been on the training pants sold in the Top Care package before Arquest and K-C settled their prior dispute, infringe the '543 patent.

47.    K-C's prior actions reasonably led Arquest to believe that Arquest's products having registered graphics in the crotch portion, similar to that shown on the Top Care package, did not infringe the '543 patent.

48.    Arquest reasonably relied on K-C's misleading conduct.

49.    Due to its reliance on K-C's misleading conduct, Arquest will be materially prejudiced if K-C is allowed to proceed with a claim of infringement of the '543 patent.

DOCSNY-276887v01

50.    K-C is equitably estopped from bringing any claim of infringement of the '543 patent against Arquest.

## COUNT IX

### (Declaratory Judgment of Laches)

51.    Arquest repeats and realleges each and every allegation contained in paragraphs 1-50 as if fully set forth herein.

52.    K-C alleges that the accused diapers and training pants infringe the '543 patent.

53.    On September 21, 2006, K-C approved artwork depicting training pants with registered graphics on Top Care's training pants packaging.

54.    Also, at or around the same time, training pants manufactured by Arquest, having registered graphics in the crotch portion similar to or the same as the graphics included on the accused diapers and training pants, were being sold in the public marketplace.

55.    Thus, at or around September 21, 2006, K-C knew or should have known of Arquest's allegedly infringing activities.

56.    Nevertheless, K-C has inexcusably delayed in bringing suit for patent infringement against Arquest.

57.    Arquest suffered material prejudice attributable to the delay.

58.    K-C is barred from bringing any claim of infringement under the '543 patent against Arquest under the doctrine of laches.

## PRAYER FOR RELIEF

WHEREFORE, Arquest respectfully requests:

A.    a Declaratory Judgment that it is not directly infringing, infringing under the doctrine of equivalents, or contributing to or inducing the infringement of, any claim of the '543 patent;

DOCSNY-276887v01

B.    a Declaratory Judgment that it is not directly infringing, infringing under the doctrine of equivalents, or contributing to or inducing the infringement of, any claim of the '298 patent;

C.    a Declaratory Judgment that it is not directly infringing, infringing under the doctrine of equivalents, or contributing to or inducing the infringement of, any claim of the '119 patent;

D.    a Declaratory Judgment that the '543 patent is invalid;

E.    a Declaratory Judgment that the '298 patent is invalid;

F.    a Declaratory Judgment that the '119 patent is invalid;

G.    a Declaratory Judgment that the '298 patent is unenforceable due to inequitable conduct;

H.    a Declaratory Judgment that K-C is equitably estopped from bringing any claim against Arquest for infringement of the '543 patent;

I.    a Declaratory Judgment that K-C's claim against Arquest for infringement of the '543 patent is barred by the doctrine of laches; and

J.    such further relief as the Court may deem just and proper.


Dated:    New York, New York
             December 12, 2007

DICKSTEIN SHAPIRO LLP

By: _____
Brian D. Siff
Richard LaCava
Peter Lambrianakos
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500

Attorneys for Plaintiff Arquest, Inc.

## JURY DEMAND

Plaintiff, Arquest, Inc., by and through its attorneys, hereby demands a jury trial as to all

issues triable to a jury.

Dated:    New York, New York                DICKSTEIN SHAPIRO LLP
          December 12, 2007

                                           By: _____
                                               Brian D. Siff
                                               Richard LaCava
                                               Peter Lambrianakos
                                               1177 Avenue of the Americas
                                               New York, New York 10036
                                               (212) 277-6500
                                               Attorneys for Plaintiff Arquest, Inc.