## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arquest, Inc., | ) |
| Plaintiff | ) )  ) |
| | ) ) Case No. 07 CV 11202 (CM) |
| v. | ) ) |
| Kimberly-Clark Worldwide, Inc., | ) ) |
| Defendant | ) ) |
| | ) ) |
| | ) |

## DECLARATION OF VICKI MARGOLIS

I, Vicki Margolis, declare as follows:

1.    I am Senior Counsel – Patent Litigation of the Defendant corporation, Kimberly-Clark World Wide, Inc. ("KCWW"). In my position, I represent KCWW and Kimberly-Clark Global Sales, LLC ("KCGS"), both subsidiaries of Kimberly-Clark Corporation ("KCC"). (KCC and its subsidiaries will be collectively referred to as "K-C").

2.    I have been employed by K-C since September 2007. Prior to joining K-C, I was a partner with Venable LLP, and Co-Chair of its Patent Litigation Practice Group.

3.    KCWW, on the one hand, and Arquest, Inc. ("Arquest"), on the other hand, have been in negotiations regarding a number of patents owned by KCWW since at

least July 2007; my personal involvement in these discussions began just after I joined K-C in October 2007. The purpose of these discussions and negotiations has always been to resolve the disputes between the parties without litigation.

4.     KCWW and Arquest entered into a series of Stand-Still Agreements where each party agreed not to file a law suit during the time period in the respective Stand-Still Agreement. I have attached as Exhibits A-H to this Declaration copies of the executed Stand-Still Agreements from July 18, 2007; August 20, 2007; August 30, 2007; September 14, 2007; September 28, 2007; October 19, 2007; November 2, 2007; and November 16, 2007 respectively.

5.     Pursuant to the first Stand-Still Agreement dated July 18, 2007 (Exhibit A), KCWW could have filed suit on August 17, 2007. Because settlement negotiations between the parties were ongoing, KCWW did not file suit despite the expiration of the time period in the Stand-Still Agreement.

6.     Pursuant to the August 30, 2007 Stand-Still Agreement (Exhibit C), KCWW could have filed suit on September 13, 2007. Because settlement negotiations between the parties were ongoing, KCWW did not file suit despite the expiration of the time period in the Stand-Still Agreement.

7.     The parties allowed the November 16, 2007 Stand-Still Agreement to expire. KCWW could have filed suit on December 7, 2007. KCWW did not file suit at this time because the parties were still engaged in settlement discussions.

8.     I have had numerous conversations with outside counsel for Arquest, Brian Siff, since October 2007 in attempting to resolve the parties' dispute. In our most recent conversations, Mr. Siff and I discussed the details of prototypes that reflected

Arquest's response to KCWW's proposals regarding changes in various dimensions of one of the products at issue.

9.     On Tuesday, December 11, 2007, Mr. Siff informed me that Arquest had constructed a prototype which reflected proposed changes to its diaper design based on the parties' previous settlement discussions. I asked that it be sent to me for review, and he stated that was his intention. At first he stated that he would have Arquest send it directly to me, but then stated he wanted to consider whether he would first have it sent to him to review.

10.     On Wednesday, December 12, 2007, I called Mr. Siff to inquire when KCWW could expect the prototype from Arquest. He stated that he decided to have the prototype sent to him, and then he would forward it on. He stated that Arquest did not send it out Tuesday so it would therefore not get to him until Thursday, and thus KCWW would not get it until Friday, December 14th. I asked if he could tell us the dimension changes reflected in the prototype over the phone, and he stated he did not have that information, but would ask his client and get back to me. During the call, Mr. Siff did not disclose the fact that Arquest was filing a Complaint that day against KCWW in New York.

11.     On Thursday, December 13, 2007, Mr. Siff called and said that he had not yet received the FedEx from his client. He indicated the weather was bad and the FedEx package might not arrive. Mr. Siff told me that someone in his office would be on site to forward it on if it arrived. In addition, he provided the approximate[1] changes to the dimensions from the current Arquest product which were reflected in the referenced

---

[1]     Mr. Siff stated that his client could not provide precise measurements.

prototype. Mr. Siff stated that if he did receive the package from his client that day, he would measure it himself and call me with the dimensions.

12.     During this same call, Mr. Siff then informed me that Arquest had filed a declaratory judgment complaint the previous day as a "placeholder," but that they did not serve it. He further stated that Arquest was still committed to resolving the issues between the parties. After I inquired where Arquest filed suit, he told me suit was filed in the Southern District of New York. I requested a courtesy copy of the complaint. Mr. Siff indicated that he did not have a date-stamped copy yet, but would send it on.

13.     Following my call with Mr. Siff, while I was in Kyle Kappes' office, Mr. Siff called Mr. Kappes to tell Mr. Kappes that Arquest filed the suit as a "placeholder," but fully hoped and expected to resolve the suit without ever having to serve process. Mr. Kappes (Vice President and Chief Counsel Innovation for Kimberly-Clark) had been involved in the negotiations with Arquest prior to my involvement. Having informed Mr. Siff that I was in the room, Mr. Kappes and I expressed our disappointment that Arquest had filed suit while the parties were continuing settlement discussions.

14.     On Thursday, December 13, 2007, KCWW and KCGS filed suit against Arquest in the Northern District of Texas. (Exhibit I, Texas Complaint). KCWW and KCGS served Arquest with the complaint on the same day.

15.     On Friday, December 14, 2007, KCWW received the prototypes from Mr. Siff via FedEx. In addition, Arquest served the New York Complaint on KCWW.

16.     Also on December 14, 2007, I sent a letter to Mr. Siff with a courtesy copy of KCWW's and KCGS's filed and served complaint. Later in the day, I spoke with Mr. Siff and he again stated that Arquest was committed to increasing the pace of the

settlement discussions.  At this point, we agreed to and filed mutual stipulations for a Stay and Extension of time in both cases.  Both Courts granted extensions until February 4, 2008, to respond to the respective complaints.  (Exhibit J, Stipulations to Extend Time to Respond in New York and Texas)

17.    I have had several further discussions with Mr. Siff regarding settlement of the dispute following the filing of the actions in New York and Texas.

18.    The KCC attorney who prosecuted one of the KCWW patents, who may testify with respect to issues relating to the prosecution of the '298 patent-in-suit, is located in Irving, Texas.  His name is Thomas Mielke, and his current position at KCC is Senior Vice President Law & Government Affairs/Chief Compliance Officer.

19.    Exhibit K is a true and correct copy of the Agreed Judgment and Decree filed in *Kimberly-Clark Corporation v. Arquest, Inc.*, Case No. 95CV915, in the Northern District of Texas.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on   1/31/08    .

Vicki Margolis

# EXHIBIT A

## STAND-STILL AGREEMENT

This Stand-Still Agreement, effective as of the date of execution by both parties (the "Effective Date"), is by and between KIMBERLY-CLARK WORLDWIDE, INC., a Delaware Corporation having a principal place of business at 351 Phelps Drive, Irving, TX 75038 (hereinafter referred to as "K-C") and ARQUEST INC., an Arkansas Corporation having a principal place of business at 101 Interchange Plaza, Cranbury, NJ 08512 (hereinafter referred to as "ARQUEST"). K-C and ARQUEST, which definitions include all parents, affiliates and subsidiary companies, will be jointly referred to as the "Parties."

WHEREAS, the Parties wish to discuss intellectual property matters;

NOW THEREFORE, in consideration of the promises, mutual covenants and agreements contained herein, the parties agree as follows:

- K-C will not commence litigation against Arquest in connection with any intellectual property matter prior to 30 days after the Effective Date of this Agreement;

- Arquest will not commence litigation against any K-C entity in connection with any intellectual property matter prior to 33 days after the Effective Date of this Agreement;

- This Agreement may be extended at any time by the execution of additional stand-still agreements signed by the parties; and

- All discussions, including any exchange of information and/or documents, between Arquest and K-C are subject to Federal Rules of Evidence, Rule 408.

IN WITNESS WHEREOF, the Parties involved have caused this Stand-Still Agreement to be executed by their duty authorized representatives.

ARQUEST, INC.

By: _____

Title: _____

Date: ___7/18/07___

KIMBERLY-CLARK WORLDWIDE, INC.

By: _____

Title: _V.P. + Chief Counsel - I.P.+ Innovation_

Date: ___7-17-07___

# EXHIBIT B

## STAND-STILL AGREEMENT

This Stand-Still Agreement, effective as of the date of execution by both parties (the "Effective Date"), is by and between KIMBERLY-CLARK WORLDWIDE, INC., a Delaware Corporation having a principal place of business at 351 Phelps Drive, Irving, Texas 75038 (hereinafter referred to as "K-C") and ARQUEST INC., an Arkansas Corporation having a principal place of business at 101 Interchange Plaza, Cranbury, NJ 08512 (hereinafter referred to as "ARQUEST"). K-C and ARQUEST, which definitions include all associated, affiliates and subsidiary companies, will be jointly referred to as the "Parties,"

WHEREAS, the Parties wish to discuss intellectual property matters;

NOW THEREFORE, in consideration of the promises, mutual covenants and agreements contained herein, the parties agree as follows:

- K-C will not commence litigation against Arquest in connection with any intellectual property matter prior to 14 days after the Effective Date of this Agreement;

- Arquest will not commence litigation against any K-C entity in connection with any intellectual property matter prior to 17 days after the Effective Date of this Agreement;

- This Agreement may be extended at any time by the execution of additional stand-still agreements signed by the parties; and

- All discussions, including any exchange of information and/or documents, between Arquest and K-C are subject to Federal Rules of Evidence, Rule 408.

IN WITNESS WHEREOF, the Parties involved have caused this Stand-Still Agreement to be executed by their duly authorized representatives.

ARQUEST, INC.

By: _____

Title: _Presms,  Cou_

Date: _8/17/07_

KIMBERLY-CLARK WORLDWIDE, INC.

By: _____

Title: _V. P. + chief Canxel –I.P.+ Innovation_

Date: _8 -20 -07_

DOCSNY-256421v01

# EXHIBIT C

# STAND-STILL AGREEMENT

This Stand-Still Agreement, effective as of the date of execution by both parties (the "Effective Date"), is by and between KIMBERLY-CLARK WORLDWIDE, INC., a Delaware Corporation having a principal place of business at 351 Phelps Drive, Irving, Texas 75038 (hereinafter referred to as "K-C") and ARQUEST INC., an Arkansas Corporation having a principal place of business at 101 Interchange Plaza, Cranbury, NJ 08512 (hereinafter referred to as "ARQUEST"). K-C and ARQUEST, which definitions include all associated, affiliates and subsidiary companies, will be jointly referred to as the "Parties."

WHEREAS, the Parties wish to discuss intellectual property matters;

NOW THEREFORE, in consideration of the promises, mutual covenants and agreements contained herein, the parties agree as follows:

- K-C will not commence litigation against Arquest in connection with any intellectual property matter prior to 14 days after the Effective Date of this Agreement;

- Arquest will not commence litigation against any K-C entity in connection with any intellectual property matter prior to 17 days after the Effective Date of this Agreement;

- This Agreement may be extended at any time by the execution of additional stand-still agreements signed by the parties; and

- All discussions, including any exchange of information and/or documents, between Arquest and K-C are subject to Federal Rules of Evidence, Rule 408.

IN WITNESS WHEREOF, the Parties involved have caused this Stand-Still Agreement to be executed by their duly authorized representatives.

ARQUEST, INC.                              KIMBERLY-CLARK WORLDWIDE, INC.

By: _____             By: _____

Title: _____            Title: V.P. and chief Counsel - I.P. + Innovation

Date: ____3/30/07____                      Date: 8/29/07

DOCSNY-256421v01

# EXHIBIT D

## STAND-STILL AGREEMENT

This Stand-Still Agreement, effective as of the date of execution by both parties (the "Effective Date"), is by and between KIMBERLY-CLARK WORLDWIDE, INC., a Delaware Corporation having a principal place of business at 351 Phelps Drive, Irving, Texas 75038 (hereinafter referred to as "K-C") and ARQUEST INC., an Arkansas Corporation having a principal place of business at 101 Interchange Plaza, Cranbury, NJ 08512 (hereinafter referred to as "ARQUEST"). K-C and ARQUEST, which definitions include all associated, affiliates and subsidiary companies, will be jointly referred to as the "Parties."

WHEREAS, the Parties wish to discuss intellectual property matters;

NOW THEREFORE, in consideration of the promises, mutual covenants and agreements contained herein, the parties agree as follows:

- K-C will not commence litigation against Arquest in connection with any intellectual property matter prior to 14 days after the Effective Date of this Agreement;

- Arquest will not commence litigation against any K-C entity in connection with any intellectual property matter prior to 17 days after the Effective Date of this Agreement;

- This Agreement may be extended at any time by the execution of additional stand-still agreements signed by the parties; and

- All discussions, including any exchange of information and/or documents, between Arquest and K-C are subject to Federal Rules of Evidence, Rule 408.

IN WITNESS WHEREOF, the Parties involved have caused this Stand-Still Agreement to be executed by their duly authorized representatives.

ARQUEST, INC.

By: _____

Title: _Robinson_

Date: _9/14/07_

KIMBERLY-CLARK WORLDWIDE, INC.

By: _____

Title: _V.P. and Chief Counsel - I.P. & Innovation_

Date: _9-14-07_

# EXHIBIT E

## STAND-STILL AGREEMENT

This Stand-Still Agreement, effective as of the date of execution by both parties (the "Effective Date"), is by and between KIMBERLY-CLARK WORLDWIDE, INC., a Delaware Corporation having a principal place of business at 351 Phelps Drive, Irving, Texas 75038 (hereinafter referred to as "K-C") and ARQUEST INC., an Arkansas Corporation having a principal place of business at 101 Interchange Plaza, Cranbury, NJ 08512 (hereinafter referred to as "ARQUEST"). K-C and ARQUEST, which definitions include all associated, affiliates and subsidiary companies, will be jointly referred to as the "Parties."

WHEREAS, the Parties wish to discuss intellectual property matters;

NOW THEREFORE, in consideration of the promises, mutual covenants and agreements contained herein, the parties agree as follows:

- K-C will not commence litigation against Arquest in connection with any intellectual property matter prior to 14 days after the Effective Date of this Agreement;

- Arquest will not commence litigation against any K-C entity in connection with any intellectual property matter prior to 17 days after the Effective Date of this Agreement;

- This Agreement may be extended at any time by the execution of additional stand-still agreements signed by the parties; and

- All discussions, including any exchange of information and/or documents, between Arquest and K-C are subject to Federal Rules of Evidence, Rule 408.

IN WITNESS WHEREOF, the Parties involved have caused this Stand-Still Agreement to be executed by their duty authorized representatives.

| ARQUEST, INC. | KIMBERLY-CLARK WORLDWIDE, INC. |
|---|---|
| By: _____ | By: _____ |
| Title: _Pacident_ | Title: _V.P. + chief Counsl — I.P. + Innovation_ |
| Date: _9/28/07_ | Date: _9/28/07_ |

DOCSNY-256421v01

# EXHIBIT F

## STAND-STILL AGREEMENT

This Stand-Still Agreement, effective as of the date of execution by both parties (the "Effective Date"), is by and between KIMBERLY-CLARK WORLDWIDE, INC., a Delaware Corporation having a principal place of business at 351 Phelps Drive, Irving, Texas 75038 (hereinafter referred to as "K-C") and ARQUEST INC., an Arkansas Corporation having a principal place of business at 101 Interchange Plaza, Cranbury, NJ 08512 (hereinafter referred to as "ARQUEST"). K-C and ARQUEST, which definitions include all associated, affiliates and subsidiary companies, will be jointly referred to as the "Parties."

WHEREAS, the Parties wish to discuss intellectual property matters;

NOW THEREFORE, in consideration of the promises, mutual covenants and agreements contained herein, the parties agree as follows:

- K-C will not commence litigation against Arquest in connection with any intellectual property matter prior to 14 days after the Effective Date of this Agreement;

- Arquest will not commence litigation against any K-C entity in connection with any intellectual property matter prior to 17 days after the Effective Date of this Agreement;

- This Agreement may be extended at any time by the execution of additional stand-still agreements signed by the parties; and

- All discussions, including any exchange of information and/or documents, between Arquest and K-C are subject to Federal Rules of Evidence, Rule 408.

IN WITNESS WHEREOF, the Parties involved have caused this Stand-Still Agreement to be executed by their duly authorized representatives.

ARQUEST, INC.                          KIMBERLY-CLARK WORLDWIDE, INC.

By: _____              By: _____

Title: _President_____                 Title: _V.P. + Chief Counsel - I.P. + Innovation_

Date: _10/19/07_____                  Date: _10/19/07_____

DOCSNY-256421v01

# EXHIBIT G

## STAND-STILL AGREEMENT

This Stand-Still Agreement, effective as of the date of execution by both parties (the "Effective Date"), is by and between KIMBERLY-CLARK WORLDWIDE, INC., a Delaware Corporation having a principal place of business at 351 Phelps Drive, Irving, Texas 75038 (hereinafter referred to as "K-C") and ARQUEST INC., an Arkansas Corporation having a principal place of business at 101 Interchange Plaza, Cranbury, NJ 08512 (hereinafter referred to as "ARQUEST"). K-C and ARQUEST, which definitions include all associated, affiliates and subsidiary companies, will be jointly referred to as the "Parties."

WHEREAS, the Parties wish to discuss intellectual property matters;

NOW THEREFORE, in consideration of the promises, mutual covenants and agreements contained herein, the parties agree as follows:

- K-C will not commence litigation against Arquest in connection with any intellectual property matter prior to 14 days after the Effective Date of this Agreement;

- Arquest will not commence litigation against any K-C entity in connection with any intellectual property matter prior to 17 days after the Effective Date of this Agreement;

- This Agreement may be extended at any time by the execution of additional stand-still agreements signed by the parties; and

- All discussions, including any exchange of information and/or documents, between Arquest and K-C are subject to Federal Rules of Evidence, Rule 408.

IN WITNESS WHEREOF, the Parties involved have caused this Stand-Still Agreement to be executed by their duly authorized representatives.

ARQUEST, INC.                          KIMBERLY-CLARK WORLDWIDE, INC.

By: _____ 11/1/07      By: _____

Title: _Presiden_t                      Title: _V.P. and chief Counsel — IP & Innovation_

Date: _____                Date: _11-2-07_

DOCSNY-256421v01

# EXHIBIT H

# STAND-STILL AGREEMENT

This Stand-Still Agreement, effective as of the date of execution by both parties (the "Effective Date"), is by and between KIMBERLY-CLARK WORLDWIDE, INC., a Delaware Corporation having a principal place of business at 351 Phelps Drive, Irving, Texas 75038 (hereinafter referred to as "K-C") and ARQUEST INC., an Arkansas Corporation having a principal place of business at 101 Interchange Plaza, Cranbury, NJ 08512 (hereinafter referred to as "ARQUEST"). K-C and ARQUEST, which definitions include all associated, affiliates and subsidiary companies, will be jointly referred to as the "Parties."

WHEREAS, the Parties wish to discuss intellectual property matters;

NOW THEREFORE, in consideration of the promises, mutual covenants and agreements contained herein, the parties agree as follows:

- K-C will not commence litigation against Arquest in connection with any intellectual property matter prior to 21 days after the Effective Date of this Agreement;

- Arquest will not commence litigation against any K-C entity in connection with any intellectual property matter prior to 24 days after the Effective Date of this Agreement;

- This Agreement may be extended at any time by the execution of additional stand-still agreements signed by the parties; and

- All discussions, including any exchange of information and/or documents, between Arquest and K-C are subject to Federal Rules of Evidence, Rule 408.

IN WITNESS WHEREOF, the Parties involved have caused this Stand-Still Agreement to be executed by their duly authorized representatives.

ARQUEST, INC.                                    KIMBERLY-CLARK WORLDWIDE, INC.

By: _____                      By: _____

Title: _Prosidont, Coo_                          Title: _Vice-President and Chief Counsel I.P. & Innovation_

Date: _11/16/07_                                 Date: _11-16-07_

DOCSNY-256421v01

# EXHIBIT I



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

DEC 13 2007

CLERK, U.S. DISTRICT COURT

By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, Inc. | ) ) ) | |
| Plaintiffs, | ) ) | Case **3:07 CV 2078 G** |
| v. | ) ) ) | Jury Trial Demanded |
| Arquest, Inc. | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, Inc. (collectively "K-C"), by its attorneys, for its complaint against Defendant Arquest, Inc. ("Arquest"), hereby demands a jury trial and alleges as follows:

### THE PARTIES

1.    Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, Inc. are corporations organized and existing under the laws of the State of Delaware, and having corporate headquarters within this district in Dallas, Texas.

2.    Upon information and belief, Defendant Arquest, Inc. is an Arkansas corporation, having its corporate headquarters at 101 Interchange Plaza, Cranbury, NJ, 08512.

### JURISDICTION AND VENUE

3.    This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4.    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Arquest because Arquest is doing business in this district. Upon information and belief, Arquest offers for sale, sells, distributes and purposefully ships products according to the claims of the patents in suit in the Northern District of Texas through an established distribution channel.

6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).  Upon information and belief, Arquest is doing business in the Northern District of Texas and wrongful acts committed by Arquest have occurred in, and are causing injury to K-C in, this district.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,307,119

7.    On October 23, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,307,119 ("the '119 patent") to Mark Thomas Cammarota, Mary Patrica Jordan, MeeWha Lee, Gregory Allen MacDonald, and Kathleen Irene Ratliff (collectively, "'119 Inventors").  The '119 Inventors assigned to K-C the entire right, title, and interest to the '119 patent, including all rights to recover for all infringements thereof.  A copy of the '119 patent is attached hereto as Exhibit A.

8.    Upon information and belief, Arquest has been and continues to infringe, induce the infringement of, and contribute to the infringement of the '119 patent by manufacturing, using, selling, offering to sell, and/or importing products that are covered by one or more claims of the '119 patent, including, but not limited to, training pants sold at Toys R Us under the "Especially for Kids" name..

9.    K-C has been damaged by Arquest's infringement.

10.    Arquest's acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

11.    Upon information and belief, Arquest has continued its infringement in willful disregard of the '119 patent and the rights created thereunder. This is an exceptional case because of Arquest's willful infringement.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,496,298

12.    On March 5, 1996, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,496,298 ("the '298 patent") to Rebecca J. Kuepper and Christine A. Rasmussen. Ms. Kuepper and Ms. Rasmussen assigned to K-C the entire right, title, and interest to the '298, including all rights to recover for all infringements thereof. A copy of the '298 patent is attached hereto as Exhibit B.

13.    Upon information and belief, Arquest has been and continues to infringe, induce the infringement of, and contribute to the infringement of the '298 patent by manufacturing, using, selling, offering to sell, and/or importing products that are covered by one or more claims of the '298 patent, including, but not limited to, diapers sold at Toys R Us under the "Especially for Baby" name.

14.    K-C has been damaged by Arquest's infringement.

15.    Arquest's acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

16.    Upon information and belief, Arquest has continued its infringement in willful disregard of the '298 patent and the rights created thereunder. This is an exceptional case because of Arquest's willful infringement.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,286,543

17.    On February 15, 1994, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,286,543 ("the '543 patent") to Tanakon Ungpiyakul, Christopher J. Sheleski, Arch D. Morgan, Terry G. Hayes, Gene M. Gregory, and Daniel J. Vander Heiden (collectively, "'543 Inventors"). The '543 Inventors assigned to K-C the entire right, title, and interest to the '543, including all rights to recover for all infringements thereof. A copy of the '543 patent is attached hereto as Exhibit C.

18.    Upon information and belief, Arquest has been and continues to infringe, induce the infringement of, and contribute to the infringement of the '543 patent by manufacturing, using, selling, offering to sell, and/or importing products that are covered by one or more claims of the '543 patent, including, but not limited to, training pants and diapers sold at Toys R Us under the "Especially for Kids" and "Especially for Baby" names.

19.    K-C has been damaged by Arquest's infringement.

20.    Arquest's acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

21.    Upon information and belief, Arquest has continued its infringement in willful disregard of the '543 patent and the rights created thereunder. This is an exceptional case because of Arquest's willful infringement.

### JURY DEMAND

22.    Trial by Jury is hereby demanded.

## RELIEF SOUGHT

**WHEREFORE**, K-C prays:

A.    For an injunction against further infringement of the '119, '298, and '543 patents by Arquest, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any one or more of them;

B.    For damages to compensate K-C for the infringement of the '119, '298, and '543 patents, together with prejudgment and postjudgment interest;

C.    For an assessment of costs against Arquest;

D.    For treble damages pursuant to 35 U.S.C. § 284 because Arquest's infringement has been willful;

E.    For judgment that this is an exceptional case under 35 U.S.C. § 285, and that Arquest shall pay to K-C all its attorney fees; and

F.    For all such other and further relief as this Court deems just and proper.

Respectfully submitted this ___13th___ day of December, 2007.

Kevin J. Meek
  *Kevin.meek@bakerbotts.com*
Texas State Bar No. 13899600
Baker Botts LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
Tel: (214) 953-6680
Fax: (214) 661-4680

Marc S. Cooperman, Esq.
  *mcooperman@bannerwitcoff.com*
Janice V. Mitrius, Esq.
  *jmitrius@bannerwitcoff.com*
Thomas J. Lerdal, Esq.
  *tlerdal@bannerwitcoff.com*
**Banner & Witcoff, Inc.**

5

10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001

**Attorneys for Plaintiffs**
Kimberly-Clark Worldwide, Inc.
Kimberly-Clark Global Sales, Inc.

6

# EXHIBIT J

*Memoton's*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Arquest, Inc | ) | |
| | ) | Case No. 07 CV 11202 (CM) |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| Kimberly-Clark Worldwide, Inc., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## JOINT STIPULATION AND PROPOSED ORDER TO EXTEND THE JANUARY 3, 2008 DUE DATE FOR K-C TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT UNTIL FEBRUARY 4, 2008

Plaintiff Arquest, Inc. ("Arquest"), by its attorneys, together with Defendant Kimberly-Clark Worldwide, Inc. ("K-C"), by its attorneys, hereby jointly stipulate to extend the date for K-C to answer or otherwise respond to Arquest's Complaint for Declaratory Judgment of Patent Non-Infringement, Invalidity, and Unenforceability (the "Complaint") until February 4, 2008. In support of this Joint Stipulation and Proposed Order, the parties state as follows:

1. On December 12, 2007, Arquest filed the Complaint for Declaratory Judgment of Patent Non-Infringement, Invalidity, and Unenforceability in this case.

2. On December 14, 2007, Defendant K-C was served with the Summons and Complaint.

3. The current due date for K-C to Answer or otherwise respond to Arquest's Complaint is January 3, 2008.

4. No such similar relief has yet been sought from the Court in the case.

5. Prior to the filing of the Complaint, the parties were involved in extensive settlement discussions, and settlement discussions are currently ongoing.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ·b·08

6.     In order to allow the parties time to further pursue settlement, and to save the resources of the Court, K-C and Arquest jointly stipulate and respectfully request that the Court extend the due date for K-C to answer or otherwise respond to the Complaint until February 4, 2008.

7.     There is a concurrently pending action in the Northern District of Texas involving the same K-C patents and the same Arquest products where K-C is the plaintiff. The parties are also jointly seeking an extension of the response date in the concurrent action in the Northern District of Texas.

8     The filing of this Stipulation does not constitute a general appearance by Defendant in this action.

WHEREFORE, the parties jointly and respectfully request that the Court enter an order extending the date for K-C to answer or otherwise respond to February 4, 2008.

Dated: December 21, 2007

**AGREED AS TO FORM AND SUBSTANCE:**

Edmund M. O'Toole (EO 7939)
Matthew T. McLaughlin (MM 6241)
Gregory W. Gilliam (GG 2857)
**Venable, LLP**
The Chrysler Building
405 Lexington Avenue
56th Floor
New York, NY 10174
Tel. (212) 307-5500

Marc S. Cooperman, Esq
mcooperman@bannerwitcoff.com
Janice V. Mitrius, Esq
jmitrius@bannerwitcoff.com
Thomas J. Lerdal, Esq

Brian D. Siff (BS 6735)
Richard LaCava (RL 1671)
Peter Lambrianakos (PL 5075)
**DICKSTEIN SHAPIRO LLP**
1177 Avenue of the Americas
New York, NY 10036
Tel. (212) 277-6500
Fax (212) 277-6501

**Attorneys for Plaintiff**
Arquest, Inc.

-2-

*jerdal@bannerwitcoff.com*
**Banner & Witcoff, Inc.**
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel. (312) 463-5000
Fax. (312) 463-5001

**Attorneys for Defendant**
Kimberly-Clark Worldwide, Inc.

SO ORDERED, this 2 day of _____, 2007:

HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIMBERLY-CLARK WORLDWIDE,      )
INC., ET AL.,                  )
                               )
       Plaintiffs,             )          CIVIL ACTION NO.
                               )
VS.                            )          3:07-CV-2078-G
                               )
ARQUEST, INC.,                 )          **ECF**
                               )
       Defendant.              )

## JOINT STIPULATION

Plaintiffs Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, Inc. (collectively, "K-C"), by its attorneys, together with defendant Arquest, Inc. ("Arquest"), by its attorneys, hereby jointly stipulate to extend the date for Arquest to answer or otherwise respond to K-C's complaint for patent infringement (the "complaint") until February 4, 2008.  In support of this joint stipulation and order, the parties state as follows:

1.      On December 13, 2007, K-C filed the complaint for patent infringement in this case.

2.      On December 13, 2007, defendant Arquest was served with the summons and complaint.

3.      The current due date for Arquest to answer or otherwise respond to K-C's complaint is January 2, 2008.

4.      No such similar relief has yet been sought from the court in the case.

5.      Prior to the filing of the complaint, the parties were involved in extensive settlement discussions, and settlement discussions are currently ongoing.

6.      In order to allow the parties time to further pursue settlement, and to save the resources of the court, K-C and Arquest jointly stipulate and respectfully request that the court extend the due date for Arquest to answer or otherwise respond to the complaint until February 4, 2008.

7.      There is a concurrently pending action in the Southern District of New York involving the same K-C patents and the same Arquest products where Arquest is the plaintiff.  The parties are also jointly stipulating to an extension of the response date in the concurrent action in the Southern District of New York.

8.      The filing of this stipulation does not constitute a general appearance by defendant in this action.

Therefore, the date for Arquest to answer or otherwise respond to plaintiffs' complaint is **EXTENDED** to **February 4, 2008**.

**SO ORDERED**.

December 26, 2007.

_A. Joe Fish_

**A. JOE FISH**
**Senior United States District Judge**

**<u>AGREED AS TO FORM AND SUBSTANCE</u>:**

  /s/  Samuel F. Baxter
Samuel F. Baxter
*sbaxter@mckoolsmith.com*
MCKOOL SMITH, P.C.
300 Crescent Court
Suite 1500
Dallas, Texas  75201
Telephone:  214.978.4016
Facsimile:    214.978.4044
Attorneys for Defendant

  /s/  Kevin J. Meek
Kevin J. Meek
*Kevin.meek@bakerbotts.com*
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas  75201-2980
Telephone:  214.953.6680
Facsimile:    214.661.4680

Marc S. Cooperman, Esq.
*mcooperman@bannerwitcoff.com*
Janice V. Mitrius, Esq.
*jmitrius@bannerwitcoff.com*
Thomas J. Lerdal, Esq.
*tlerdal@bannerwitcoff.com*
BANNER & WITCOFF, INC.
10 South Wacker Drive, Suite 3000
Chicago, Illinois  60606
Telephone:  312.463.5000
Facsimile:    312.463.5001

Attorneys for Plaintiffs

# EXHIBIT K

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

F I L E D

SEP 18 1995

NANCY DOHERTY, CLERK

BY
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY-CLARK CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 3:95-CV-0915-R |
| ARQUEST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ENTERED ON DOCKET
9/20/95 _____ PURSUANT
TO F. R. C. P. RULES
58 AND 79a

## AGREED JUDGMENT AND DECREE

Kimberly-Clark Corporation ("K-C") and Arquest, Inc., ("Arquest") have agreed to a compromise and settlement of this civil action. With the consent of the parties, through their respective counsel, IT IS HEREBY FINALLY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. K-C has standing to sue for infringement of its United States Patents Nos. 4,704,116 ("The '116 patent") and 5,415,644 ("The '644 patent"), both entitled "Diapers With Elasticized Side Pockets."

3. Arquest does not contest validity, enforceability or past infringement of the '116 and '644 patents. For the purposes of this action, the '116 and '644 patents are found valid, enforceable, and infringed.

1

4.    Arquest is hereby enjoined from the manufacture or sale in the United States of any absorbent product which infringes the '116 and '644 patents, except pursuant to the License Agreement executed between the parties on September 8, 1995.

5.    This Court retains jurisdiction over the parties solely for the purpose of enforcing the terms and conditions of this Judgment.

6.    Each party shall bear its own costs and attorneys' fees.

7.    Subject to the foregoing, this action is dismissed with prejudice.

Dated:    _____ September 16 , 1995 _____

_____
United States District Judge

_____
V. Bryan Medlock, Jr.
Richards, Medlock & Andrews
4500 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2197
(214) 939-4500

Attorneys for Kimberly-Clark Corporation

_____
William J. Ryan
Arquest, Inc.
101 Interchange Plaza
Cranbury, NJ 08512
(609) 395-8594

Attorneys for Arquest, Inc.

2