UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x

ARQUEST, INC.,

    Plaintiff,

  -against-                               07 Civ. 11202 (CM)

KIMBERLY-CLARK WORLDWIDE, INC.,        CALENDAR NOTICE

    Defendant.
―――――――――――――――――――――――x

McMahon, J:

      The above-captioned matter is scheduled for an initial conference on **Friday, April 4, 2008 at 11:30 A.M.** in Courtroom 21B, U.S. District Court, 500 Pearl Street, New York, New York 10007. At that time, the court will take up the pending motion to dismiss or transfer. Contrary to defendant's presumptuous representation to my colleague in Texas, I am not "highly likely" either to dismiss or to transfer the case, based on the paltry and insufficient record presented in support of the motion – particularly the motion to dismiss for lack of personal jurisdiction. If Defendant persists in its motion to dismiss for lack of personal jurisdiction, it will have to do better than it has done in the moving papers. If I conclude that this court has personal jurisdiction over defendant, I will NOT transfer the case to Texas. Plaintiff is authorized to communicate this to my colleague in Texas.

      Defendant is directed to have an officer of Kimberly-Clark WorldWide who is knowledgeable about all of the company's business activities, as well as its relationship to various other Kimberly-Clark companies, available to testify at Friday's hearing on the motion. The court has a number of questions to ask. I require clarification of what appear to be to be a number of deliberately obfuscatory statements in the moving affidavit of the company's tax accountant (who is NOT to be provided as a witness). For example, the moving affidavit states that KCWW has manufacturing facilities and provides manufacturing services, but does not own any manufactured products or any of the goods that go into any products it manufactures. What products, precisely, does KCWW manufacture, and for whom? Are any of the products so manufactured manufactured using the process set forth in U.S. Patent No. 5,287,543, or incorporating the features or devices patented by Patents No. 5,496,298 or 6,307,119? For whom are these products manufactured? Who owns the stuff from which the products are made? In particular, are these products manufactured for sale by a company known as Kimberly-Clark Global Sales? Or does Kimberly-Clark Global Sales have any connection whatever to any of those products?

      Additionally, defendant has failed to provide the following information relevant to its motion to dismiss for lack of personal jurisdiction: does KCWW license its patents to Kimberly-

Clark Global Sales, as alleged by plaintiff? How does KCGS happen to be selling products manufactured using patented processes or features belonging to KCWW, as alleged by Defendant? Does KCWW license its patents to companies other than KCGS? If so, to what companies? And what products are manufactured using or incorporating those patents? Are the patents owned by KCWW licensed to any companies that are not affiliated, through joint ownership or otherwise, with KCWW? Are the patents in suit licensed to any companies or entities that are not affiliated, through joint ownership or otherwise, with KCWW? In other words, does any company except KCGS sell products that exploit the patents in suit?

How is KCWW compensated by KCGS for the use of its patented process and features in the diapers it sell? If the patents are licensed to KCGS, how is KCWW compensated for the patent license? Is the compensation tied in any way to the revenues received by KCGS from the sale of the patent-incorporating diapers/products?

As everyone knows, Huggies are sold on virtually every street corner in the City and State of New York. If defendant is exploiting its patent by manufacturing Huggies for KCGS, and then is receiving revenues therefor, or if defendant is licensing its patents for use by KCGS in products sold in the State of New York, then it is more likely than not that Defendant can either be found to be doing business in New York or to be transacting business (in disposable diapers) for jurisdictional purposes. Indeed, it appears to the Court that Kimberly-Clark may be attempting to foist some sort of fraud on the court, in order to move this lawsuit to Texas. While this court has plenty to do, I am not willing to be party to any shenanigans.

There will be no adjournment of this conference. If defendant fails to produce a competent witness who can be cross examined by plaintiff's counsel, and who can answer all the questions raised by the court (and any others I may raise at the hearing), I will be constrained to conclude that defendant's motion to dismiss for lack of personal jurisdiction is without merit.

April 2, 2008

_____
Colleen McMahon, U.S.D.J

BY ECF AND FAX TO ALL COUNSEL